## Smith *et al. v.* Partridge.

(*Circuit Court, E. D. Pennsylvania.* February 25, 1890.)

1. Patents for Inventions—Infringements—Automatic Fans.

Letters patent to William M. Smith, No. 338,300, March 31, 1886, for automatic fans, with an adjustable collar having a spring plug for locking the same to the shaft which it incloses, the leaves connecting the collar and vanes, and the peculiar vane bearings, in combination with the shaft and vanes, as described in specification and shown by model, and limited to exact combination, including peculiar locking arrangements and vane bearings and plain and direct equivalents, is not infringed by a regulator which does not embrace the peculiar locking device or vane bearings described, or their direct equivalents

**2. SAME—WINDMILLS—ANALOGOUS USE.**

Where the uses are precisely similar, and the one device suggests the other, the fact that the anticipatory device was applied to regulate the vanes of windmills, while the present was applied to fans for ventilation, which belonged to a different department of art, does not prevent the two devices from being analogous.

In Equity to Enjoin Infringement of Patent, by William M. Smith and James Caldwell against Edward Partridge.

*George Northwood*, for complainants.

*Chas. F. Van Horn*, for respondent.

BUTLER, J. The suit is for infringement of patent No. 338,300 of March 31, 1886, "for automatic fans," the claims of which are as follows:

"(1) In a fan comprising a power-driven shaft or spindle with blades, the combination, with said shaft and adjustable blades thereon, of an adjustable collar, which locks fast on said shaft at different points, and links or connections between said blades and collar, whereby, by moving said collar, the angle of inclination of said blades may be varied, and the latter locked in their adjusted position, substantially as described. (2) The combination, with a spindle having sockets or recesses, *a, a*, of cross-head or hub, B, having female screw sockets, blades, C, C, having threaded shanks, C', C', knob or sleeve, D, having spring plug, F, and links, G, G, substantially as shown and described."

The respondent's device (alleged to infringe) is also covered by a patent which contains a great number of claims, the substance of which is as follows:

"In a rotary fan, the combination of a driving shaft, a wing or blade holder having lateral tubular wrist-pins, blades or wings having shafts adapted to the bore of the wrist-pins, and tubular sleeves with gear teeth, fitting upon the outside of said pins, stop mechanism for limiting the axial rotation of the blade shafts, a loose sleeve surrounding the driving shaft, and racks connected to the sleeve, and in gear with the teeth upon the blade-shaft sleeves."

It is thus seen that the patented devices consist of combinations mainly, if not entirely, of well-known mechanical elements, designed to accomplish the same purpose,—that is, the regulation of fan vanes. Devices for this purpose, on the fans of windmills, are very old; and these devices are similar to the complainants'.

The position assumed, that such fans, and those of more recent origin, intended for ventilation, belong to different departments of art, and that therefore the earlier and later use of the regulators are not analogous, cannot be sustained. The uses are precisely similar; the one suggests the other. The complainants were not first, even, to apply the use to ventilating fans.

The validity of their patent, however, is not in issue. The respondent denies infringement only. He does not attack the patent,—doubtless because he might thereby endanger his own. Invoking the state of the art for this purpose might be fatal to his claim of novelty, as well as the complainants'. He therefore contents himself with an effort to confine the complainants' patent within so narrow a compass as to avoid conflict with his device.

Supposing the patent valid, what does it cover? Substantially it is for the collar with locking device to adjust it on the shaft or spindle, and the links or levers connecting the collar and vanes, whereby the latter may be shifted and held in position,—in combination with the shaft and vanes as shown by the model. Thus broadly stated, the combination is old. As before suggested, the same elements similarly combined, are found in the various prior patents relating to windmill fans. The patent must therefore be regarded as for an adjustable collar, having a spring plug for locking the same to the shaft which it incloses, the levers connecting the collar and vanes, and the peculiar vane bearings, in combination with the shaft and vanes, as described in the specification and shown by the model. In other words, the patent must be so limited as to confine it to the exact combination shown, including as necessary parts the peculiar locking arrangement and vane bearings, and their plain and direct equivalents. The claim to substitute any and every other mechanical contrivance for these latter parts is clearly inadmissible. Such substitution would deprive the combination of all possible claim to novelty. Thus limited, the patent is not infringed. I need not enlarge on this subject. It is sufficient to say that the respondent's device does not embrace the locking arrangement or vane bearings, or their direct equivalents. Whether the other elements of the two devices are the same need not be considered. It is certainly easier to distinguish the respondent's from the complainants' than it is to distinguish the latter from those which preceded it. A decree must therefore be entered dismissing the bill, with costs.